**P SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6684 PA (JTLx) | Date | February 4, 2008 |
|---|---|---|---|
| Title | Valor Commc'n, Inc. v. Aslam Ajani, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

      Before the Court is the Complaint filed by Valor Communication, Inc. ("Plaintiff"). Plaintiff seeks damages and injunctive relief arising out of alleged patent infringement, copyright infringement, federal false designation of origin, false description, and false representation, federal trade dress infringement, federal trademark infringement, state trademark dilution, and federal, state, and common law unfair competition against defendants Aslam Ajani, Purvi Ajani, Winner Wireless, Neo Cube Inc., United Telecomm, Coaster Holding Inc., and WW Coaster Holding Inc. ("Defendants"). The Complaint alleges that Defendants have principal places of business in Dallas, Texas and that Plaintiff has a principal place of business in City of Industry, California. The Complaint further alleges that venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1400.

      Plaintiff has previously sued at least some of the Defendants in state court in Dallas, Texas. Plaintiff cannot identify any third party witnesses located in the Central District of California, although Defendants may call a witness from the state of California. The Defendants are located in Dallas, Texas.

      Accordingly, the Court orders the parties, no later than February 15, 2008, to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the Northern District of Texas ("Northern District of Texas") for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

    1.    Whether this action could have been brought in the Northern District of Texas;

    2.    Whether venue is appropriate in the Northern District of Texas;

P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6684 PA (JTLx) | Date | February 4, 2008 |
|---|---|---|---|
| Title | Valor Commc'n, Inc. v. Aslam Ajani, et al. | | |

3. What contacts, if any, each of the parties has to the Central District of California ("Central District") and to the Northern District of Texas. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. What connection Plaintiff's cause of action has to the Central District and to the Northern District of Texas;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Northern District of Texas.

7. The ease of access to sources of proof in each of the two forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Northern District of Texas; and

9. Whether there are any alternative forums, other than the Central District or the Northern District of Texas , that would be more convenient for this action and why, keeping in mind the inquiries above.

IT IS SO ORDERED.